# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL SIMPSON, Plaintiff, v. JOHN D. MORALAS, et al., Defendants. | Case No. CV 08-5475-SGL (JTL) MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

On September 15, 2008, Earl Simpson ("plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. Section 1983 ("Complaint").

In accordance with the provisions governing in forma pauperis proceedings, the Court has screened the Complaint before ordering service to determine whether the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

The Court's screening of plaintiff's Complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Because plaintiff is appearing pro se, the Court must

construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

After careful review and consideration of the Complaint under the relevant standards, and for the reasons discussed below, the Court finds that plaintiff has failed to state a claim upon which relief may be granted and **ORDERS** the **COMPLAINT DISMISSED WITH LEAVE TO AMEND.**

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is currently in the custody of the California Department of Mental Health at Atascadero State Hospital ("ASH"). (Complaint at 2, 5, attached "Notice of Motion of a Settlement in a Class-Action Lawsuit" ["Attach."] at 1). He has been committed to the custody of the California Department of Mental Health pursuant to the provisions of the Mentally Disordered Offender ("MDO") Act, California Penal Code § 2960 et seq.[1] (Id. at 3, 5).

Plaintiff names the following defendants: Jon DeMorales,[2] executive director of ASH; Dr. Ferguson, a psychiatrist; and Mike Groom, described in the Complaint as an unlicensed

[1] California's MDO Act was enacted in 1985 as a civil commitment scheme directed at state prisoners with severe mental disorders who are about to be released on parole. In re Qawi, 32 Cal. 4th 1, 9 (2004); People v. Martin, 127 Cal. App. 4th 970, 973 (2005). Under the MDO Act, a prisoner with a severe mental disorder who meets certain other statutory criteria (including posing a serious threat of physical harm to other people) may be involuntarily committed as a mentally disordered offender and required to submit to mental health treatment as a condition of parole or upon its termination. Id.; see California Penal Code §§ 2960, 2962(a).

[2] Plaintiff incorrectly spells defendant's name as "John D. Moralas." The Court will use the correct spelling in the body of its Memorandum and Order.

social worker. (Complaint at 3). Plaintiff sues all three defendants in their official as well as individual capacities. (Id.).

Plaintiff alleges that, on October 15, 2005, he was placed in a state hospital as a condition of parole even though he does not meet the criteria for an MDO. (Complaint at 5). Plaintiff alleges that defendants are responsible for his commitment because: Dr. Ferguson evaluated plaintiff against his will and repeatedly found him to have a mental disorder; Groom "detained illegal evidents [sic] of records" to retain plaintiff in custody as an MDO; and DeMorales admitted plaintiff to ASH and has failed to release him. (Id. at 3, 5).

Plaintiff complains that there was insufficient probable cause for his parole revocation and commitment as an MDO, and contends that his commitment violates the Double Jeopardy Clause. (Complaint at 5, 6, Attach. at 4, 5). He further contends that his continued commitment at ASH after the completion of his sentence constitutes false imprisonment and violates his due process rights. (Complaint at 6, Attach. at 3).

Plaintiff seeks an order directing the Department of Mental Health to release him and to pay him punitive damages for his unlawful detention. (Complaint at 6).

## DISCUSSION

### PLAINTIFF CANNOT INVALIDATE HIS CIVIL COMMITMENT THROUGH A SECTION 1983 ACTION

It appears that plaintiff was committed to ASH as an MDO after he completed serving his sentence pursuant to a criminal conviction. In this Section 1983 action, he challenges the validity of his continued commitment at ASH and seeks his release. (See Complaint at 3, 5). Whatever the precise nature of the constitutional claims plaintiff asserts against each defendant, a judgment in his favor would imply that his MDO commitment is in some way invalid.

If plaintiff is challenging his commitment to ASH, his federal remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254, after he exhausts state judicial remedies. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A civil rights action under

Section 1983 is the proper vehicle to challenge conditions of confinement; a habeas corpus petition is the sole federal vehicle for challenging the fact or duration of confinement. Id. at 498-99. Civilly committed persons may pursue habeas relief under 28 U.S.C. Section 2254 to challenge their involuntary civil commitment. Duncan v. Walker, 533 U.S. 167, 176 (2001) (stating that a state court order of civil commitment satisfies Section 2254's "in custody" requirement); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005), cert. denied, 547 U.S. 1166 (2006) ("[D]etainees under an involuntary civil commitment scheme . . . may use a § 2254 habeas petition to challenge a term of confinement."); see also Hubbart v. Knapp, 379 F.3d 773 (9th Cir. 2004), cert. denied, 543 U.S. 1071 (2005) (adjudicating habeas challenge to civil commitment under California's Sexually Violent Predator Act); May v. Hunter, 451 F. Supp. 2d 1084 (C.D. Cal. 2006) (adjudicating habeas challenge to MDO commitment). Thus, plaintiff's sole remedy for invalidating his MDO commitment in federal court and obtaining release from ASH is a habeas petition.

To the extent plaintiff seeks damages, however, his action is also barred. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487. The Ninth Circuit has held that the "favorable termination" rule of Heck is not limited to Section 1983 claims that imply the invalidity of a plaintiff's criminal conviction or sentence, but applies equally to Section 1983 claims that imply the invalidity of a plaintiff's civil commitment. Huftile, 410 F.3d at 1140. The Ninth Circuit reasoned that "Heck's favorable termination rule was intended to prevent a person in custody from using § 1983 to circumvent the more stringent requirements for habeas corpus," and thus applies not only to prisoners, but to other persons who are "in custody" and thus have access to habeas relief. Huftile, 410 F.3d at 1139. Since, as explained above, civilly committed persons have access to habeas relief to obtain release from custody, Heck requires a civilly committed person to invalidate his civil commitment before pursuing a Section 1983

damages claim implying that his commitment is invalid. Huftile, 410 F.3d at 1140; see Hubbs v. County of San Bernardino, 538 F. Supp. 2d 1254, 1264 (C.D. Cal. 2008) (Heck barred plaintiff's Section 1983 claims challenging probable cause determination in connection with his commitment as a sexually violent predator).

Plaintiff's allegations demonstrate that he is in custody under an MDO commitment, which, thus far, has not been invalidated. (Complaint at 3, 5). In order to obtain damages for "unlawfully detaining [him] in custody," plaintiff must necessarily demonstrate that his civil commitment is invalid. (Id. at 6). Until plaintiff succeeds in invalidating his MDO commitment in state proceedings or by federal habeas petition, he may not pursue Section 1983 claims premised on its invalidity. Heck, 512 U.S. at 487.

Plaintiff's claims, therefore, must be dismissed.[3]

* * * * * * * * *

Although the Court is doubtful that plaintiff can cure the deficiencies of the complaint by amendment, the Court will afford plaintiff an opportunity to attempt to do so. See Noll, 809 F.2d at 1448. The Complaint, therefore, is **DISMISSED WITH LEAVE TO AMEND**.

If plaintiff desires to pursue this action, plaintiff is **ORDERED** to file a First Amended Complaint within thirty (30) days of the date of this Order, remedying the deficiencies discussed above.

If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint or any other pleading, attachment or document. The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form, which plaintiff will need to completely fill out and resubmit.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint,**

[3] Because all the claims the Court discerns in the Complaint are clearly Heck-barred, or seek relief obtainable only through a habeas petition, at this point the Court need not discuss the other deficiencies of the Complaint.

**the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

DATED: October 28, 2008

/s/ Jennifer T. Lum

JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE